**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| EXTENET SYSTEMS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF KENT, a Washington State Municipal Corporation,<br><br>Defendant. | No.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND EXPEDITED REVIEW PURSUANT TO 47 U.S.C. § 332(C)(7)(B)(V) |

Plaintiff, ExteNet Systems, LLC ("Plaintiff" or "ExteNet"), through its undersigned attorneys, hereby brings the instant Complaint against defendant the City of Kent (the "City" or "Defendant"), and respectfully alleges as follows and hereby petitions this Court to conduct an expedited review of Defendant's failure to act on applications submitted by ExteNet for access to the public rights-of-way for authorization to place, construct, or modify personal wireless facilities, in violation of Federal and Washington State law, and to grant injunctive and declaratory relief to ExteNet permitting access to the public rights-of-way. In support thereof, ExteNet alleges as follows:



Van Ness Feldman LLP
1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

## I. INTRODUCTION AND REGULATORY FRAMEWORK

ExteNet brings this action pursuant to Sections 253 and 332 of the Communications Act of 1934 as amended by the Telecommunications Act of 1996, 47 U.S.C. §§ 253 and 332, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

1. In 1996, Congress enacted the Telecommunications Act of 1996, No. 104–104, 110 Stat. 56 (1996), which amended the Communications Act of 1934, codified in 47 U.S.C. §151 et seq. (hereinafter, the "Act" or the "TCA") as a "pro-competitive, de-regulatory national policy framework designed to accelerate rapidly private sector deployment of advanced telecommunications and information technologies and services to all . . . ." The Act, S. Rep. 104–230, at 1 (Feb. 1, 1996) (Conf. Report).

2. ExteNet seeks expedited review and judgment to redress the City's failure to act on applications submitted by ExteNet for access to the public rights-of-way for authorization to place, construct, or modify personal wireless facilities.

3. Congress has declared that there is a need for wireless communication services, including "personal wireless services," as set forth in the Act, and the rules, regulations and orders of the Federal Communications Commission ("FCC") promulgated pursuant thereto. Personal wireless service facilities include "Small Wireless Facilities," as defined by 47 C.F.R. § 1.6002(l).

4. To foster its pro-competitive, deregulatory national policy, Congress included provisions in the Act that encourage competition by restricting the regulation of the placement of personal wireless service facilities by State and local governments and instrumentalities thereof.

5. Section 332(c)(7) of the Act imposes substantive and procedural limitations on State and local governments and instrumentalities thereof to ensure that the Act's pro-





1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

competitive goals are not frustrated, and it expressly preempts any action or inaction by State or local governments or their agents that effectively prohibits the provision of wireless services.

6. Section 332(c)(7) of the Act strikes a balance between "preserve[ing] the traditional authority of state and local governments to regulate the location, construction, and modification of wireless communications facilities like cell phone towers," *T-Mobile S., LLC v. Twp. of Roswell*, 574 U.S. 293, 300 (2015) (internal quotations omitted), and "reduc[ing] . . . the impediments imposed by local governments upon the installation of facilities for wireless communications." *Twp. of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 115 (2005).

7. While Section 332(c)(7)(A) of the Act preserves "the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities," that authority is subject to significant limitations—including Section 332(c)(7)(B)(ii) of the Act, which requires States and local governments or instrumentalities thereof to "act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with [the relevant] government or instrumentality, taking into account the nature and scope of such request." 47 U.S.C. § 332(c)(7)(B)(ii).

8. The purpose of Section 332(c)(7)(B)(ii) of the Act is to counteract delays in consideration of wireless facility siting applications by State or local governments or their agents, which thwart timely rollout and deployment of wireless service.

9. Section 332(c)(7)(B)(v) of the Act provides that "any person adversely affected by any . . . failure to act by a State or local government or any instrumentality



Van Ness Feldman LLP
1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

thereof that is inconsistent with this subparagraph may, within 30 days after such . . . failure to act, commence an action in any court of competent jurisdiction."

10. As the Federal agency tasked with implementing the Act, the FCC has the authority to promulgate rules and regulations to achieve the purposes of the Act.

11. Pursuant to its statutory authority, in November 2009, the FCC adopted an initial order establishing what constitutes a "reasonable period of time" under the Act for a State or local government or instrumentality thereof to take action on an application to build and deploy a wireless communications site. *In the Matter of the Petition for Declaratory Ruling to Clarify Provisions of Section 332(c)(7)(B) to Ensure Timely Siting Review and to Preempt Under Section 253 State and Local Ordinances that Classify All Wireless Siting Proposals as Requiring a Variance* ("*2009 Shot Clock Order*"), WT 08-165, FCC 09-99, 24 FCC Rcd. 13,994, ¶ 71 (Nov. 18, 2009).

12. In the *2009 Shot Clock Order*, the FCC recognized that "personal wireless service providers have often faced lengthy and unreasonable delays in the consideration of their facility siting applications, and that the persistence of such delays is impeding the deployment of advanced and emergency services." *Id.* at 14,004–05, ¶ 32. In so holding, the FCC sought to promote the deployment of broadband and other critical wireless services. *Id.* at 14,005.

13. The FCC noted that the purpose of this "shot clock deadline" was to give State or local governments or instrumentalities thereof, "a strong incentive to resolve each application within the timeframe defined as reasonable, or they will risk issuance of an injunction granting the application. In addition, specific timeframes for State and local government deliberations will allow wireless providers to better plan and allocate resources. This is especially important as providers plan to deploy their new broadband networks." *Id.*



Van Ness Feldman LLP
1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

at 14,008–09, ¶ 38.

14. On September 26, 2018, the FCC revised its Shot Clocks and policy. *In the Matter of Accelerating Wireless Broadband Deployment by Removing Barriers to Infrastructure Investment; Accelerating Wireline Broadband Deployment by Removing Barriers to Infrastructure Investment* ("*Small Cell Order*"), WT 17-29, WC 17-84, FCC 18-133, 33 FCC Rcd. 9,088 (Sept. 27, 2018).

15. The *Small Cell Order* became effective as of January 14, 2019. *Accelerating Wireless and Wireline Broadband Deployment by Removing Barriers to Infrastructure Investment*, 83 Fed. Reg. 51,867 (Oct. 15, 2018). The *Small Cell Order* was affirmed, in relevant part, in *City of Portland v. United States*, 969 F.3d 1020, 1044 (9th Cir. 2020) *cert. denied sub nom*, *Portland v. F.C.C.*, __ U.S __, 141 S. Ct. 2855 (2021).

16. In the *Small Cell Order*, the FCC "adopt[ed] two new Section 332 shot clocks for Small Wireless Facilities—60 days for review of an application for collocation of Small Wireless Facilities using a preexisting structure and 90 days for review of an application for attachment of Small Wireless Facilities using a new structure." *Small Cell Order*, at 9,142, ¶ 105.

17. The FCC's "Shot Clock" timelines are codified at 47 C.F.R §1.6003.

18. The FCC also "determined that failure to meet the applicable time frame enables an applicant to pursue judicial relief within the next 30 days." *Small Cell Order*, at 9,094, ¶ 13.

19. Pursuant to 47 C.F.R. § 1.6003(a) "[a] siting authority that fails to act on a siting application on or before the shot clock date for the application, as defined in paragraph (e) of this section, is presumed not to have acted within a reasonable period of time."

20. The presumptively "reasonable period of time" runs from when an






1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

application is first submitted or proffered. 47 C.F.R. § 1.6003(e).

21. The FCC specifically noted that "if an applicant proffers an application, but a state or locality refuses to accept it until a pre-application review has been completed, the shot clock begins to run when the application is proffered." *Small Cell Order*, at 9,163, ¶ 145 (citations omitted).

22. Once a siting application is filed with a State or local government or an instrumentality thereof, the 60 or 90-day shot clock period begins to run and will not be tolled unless the State or local government or instrumentality thereof responds in writing within the first ten (10) days and identifies specifically what, if any, information is missing per the applicable statutory requirements. 47 C.F.R. § 1.6003(b).

23. Under the FCC's Rules and Regulations, a determination of incompleteness of a siting application tolls the shot clock only if the State or local government or instrumentality thereof provides notice to the applicant in writing within ten (10) days of the submission of the application, specifically identifying all missing information and identifying the code provision, ordinance, application instruction, or otherwise publicly-stated procedures that require the information to be submitted. 47 C.F.R. § 1.6003(d)(1).

24. The expiration of the shot clock period without a determination by the State or local government or instrumentality thereof constitutes a "failure to act" under the Act and allows the applicant to seek redress in federal court pursuant to 47 U.S.C. § 332(c)(7)(B)(v). 47 C.F.R. § 1.6001.

25. In addition, Section 253 of the Act prohibits State or local authorities from erecting barriers that may prohibit or may have the effect of prohibiting the ability of any entity to provide telecommunications services, including any action or inaction that results in an unreasonable delay in the deployment of the provider's facilities and provision of



Van Ness Feldman LLP
1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

telecommunications services. 47 U.S.C. § 253(a).

26. In particular, Section 253(a) of the Act provides that "[n]o State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service."

27. Moreover, Section 253(c) of the Act limits the power of State and local government authorities to "manage the public rights-of-way" on a "competitively neutral and nondiscriminatory basis."

## II. JURISDICTION AND VENUE

28. ExteNet repeats and re-alleges each and every paragraph stated above and incorporates those paragraphs by reference, as though fully stated here.

29. This Court has subject matter jurisdiction over this action pursuant to: (i) 47 U.S.C. §§ 253 and 332(c)(7)(B) of the Act because ExteNet has been adversely affected and aggrieved by Defendant's actions in violation of those provisions of the Act; and (ii) 28 U.S.C. § 1331 because this is a civil action that presents federal questions arising under the Act.

30. This Court has jurisdiction to order declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–02.

31. This Court has personal jurisdiction over the Defendant, and venue is proper in this Court, as the Defendant's conduct or have conducted continuous, systematic, and routine business within King County in the State of Washington and within the jurisdiction of this Court, pursuant to 28 U.S.C. § 128(b).

32. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this action occurred in the Western



Van Ness Feldman LLP
1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

District of Washington.

33. The Seattle Division in the Western District of Washington is the proper forum for this lawsuit pursuant to Local Civ. R. 3(e) because the Defendant resides in King County.

## III. THE PARTIES

34. ExteNet repeats and re-alleges each and every paragraph stated above and incorporates those paragraphs by reference, as though fully stated here.

35. ExteNet is a Delaware Limited Liability Company and maintains its principal place of business at 3030 Warrenville Road, Suite 340, Lisle, Illinois 60532-3633, in the County of DuPage in the State of Illinois.

36. ExteNet provides wholesale, facilities-based telecommunications services and holds certificates to provide such services in 45 states and the District of Columbia.

37. ExteNet is registered with the Washington Utilities and Transportation Commission as a Competitive Telecommunications Company in Docket UT-090850.

38. The Washington Competitive Telecommunications Company registration is a statewide authorization for ExteNet to do business as a telephone company in Washington and grants ExteNet the right to install its equipment in Washington's public rights-of-way.

39. ExteNet builds, owns, and operates wholesale, neutral-host distributed network facilities that improve the coverage and capacity of existing and new wireless networks.

40. ExteNet's distributed network facilities consist of: (i) fiber optic cable; and (ii) small antennas and supporting equipment that are either attached to utility poles and other structures in the public rights-of-way or suspended on cables strung between utility poles or wireless support structures.






1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

41. Wireless service providers—such as Verizon Wireless, AT&T, and T-Mobile—compensate ExteNet for use of its distributed network facilities and to provide wireless telecommunications services to retail consumers.

42. Defendant the City of Kent, Washington is a Washington State Municipal Corporation with its principal place of business located at 220 Fourth Avenue S., Kent, Washington 98032, in King County, Washington.

## IV. EXPEDITED PROCEEDING

43. ExteNet repeats and re-alleges each and every paragraph stated above and incorporates those paragraphs by reference, as though fully stated here.

Pursuant to 47 U.S.C. § 332(c)(7)(B)(v) of the Act, this Court "shall hear and decide [this] action on an expedited basis."

44. ExteNet seeks expedited review and judgment to redress the City's failure to act on applications submitted by ExteNet for access to the public rights-of-way for authorization to place, construct, or modify personal wireless facilities.

## V. FACTS COMMON TO ALL COUNTS

45. ExteNet repeats and re-alleges each and every paragraph stated above and incorporates those paragraphs by reference, as though fully stated here.

46. On April 8, 2022, ExteNet filed ten (10) applications (the "Applications") for placement of small wireless facilities on existing City owned facilities in the City's public right-of-way.

47. The Applications, which are the subject of the instant Complaint were for small wireless facilities to be placed at the following locations:

| | |
|---|---|
| ExteNet Site ID: | ExteNet SC Node 366 RELO |
| City of Kent Application No. | REFC-2221285 |
| Coordinates: | 47.387486°N, 122.247725°W |
| Closest Street Address: | 701 W Valley Hwy, Kent WA 98032 |



Van Ness Feldman LLP
1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

ExteNet Site ID: ExteNet SC Node 369
City of Kent Application No. REFC-2221286
Coordinates: 47.405335°N, 122.244148°W
Closest Street Address: 7118 S 220th Street, Kent, WA 98032

ExteNet Site ID: ExteNet SC Node 396
City of Kent Application No. REFC-2221287
Coordinates: 47.419973°N, 122.249679°W
Closest Street Address: 20298 68th Ave S, Kent, WA 98032

ExteNet Site ID: ExteNet SC Node 397
City of Kent Application No. REFC-2221292
Coordinates: 47.414553°N, 122.244206°W
Closest Street Address: 21112 72nd Ave S, Kent, WA 98032

ExteNet Site ID: ExteNet SC Node 404
City of Kent Application No. REFC-2221294
Coordinates: 47.426095°N, 122.231536°W
Closest Street Address: 9613 81st Ave S, Kent, WA 98032

ExteNet Site ID: ExteNet SC Node 418
City of Kent Application No. REFC-2221295
Coordinates: 47.436642°N, 122.224900°W
Closest Street Address: 18437 E Valley Hwy S, Kent, WA 98032

ExteNet Site ID: ExteNet SC Node 475
City of Kent Application No. REFC-2221288
Coordinates: 47.38681°N, 122.257084°W
Closest Street Address: 6217 S 239th St, Kent, WA 98032

ExteNet Site ID: ExteNet SC Node 483
City of Kent Application No. REFC-2221289
Coordinates: 47.397500°N, 122.235556°W
Closest Street Address: 1221 2nd Ave N, Kent, WA 98032

ExteNet Site ID: ExteNet SC Node 487
City of Kent Application No. REFC-2221290
Coordinates: 47.383164°N, 122.235726°W
Closest Street Address: 321 W Smith Street, Kent, WA 98032





1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

ExteNet Site ID: ExteNet SC Node 489
City of Kent Application No. REFC-2221297
Coordinates: 47.383521°N, 122.237232°W
Closest Street Address: 311 4th Avenue N, Kent, WA 98032

48. Each of the Applications is for installation of small wireless facilities on existing steel city owned street light poles, which under FCC orders and regulations, constitute collocations. 47 C.F.R. § 1.6002(g).

49. Pursuant to 47 C.F.R. § 1.6003, Defendant had sixty (60) days from April 8, 2022, to approve or reject the Applications, and, if approved, issue any and all necessary permits and authorizations to ExteNet.

50. The City did not notify ExteNet that any of the Applications were incomplete, pursuant to 47 C.F.R. § 1.6003(d)(1).

51. The 60-day "FCC Shot Clock" for the Applications has now expired.

52. To date, the City has not acted on the Applications in violation of their statutory and regulatory responsibilities under the Act.

53. Pursuant to 47 U.S.C. § 332(c)(7)(B)(v), this Action is timely filed within thirty (30) days of the City's failure to act under the applicable shot-clock.

## VI. FIRST CAUSE OF ACTION: Unreasonable Delay and Failure to Act on the Applications in Violation of47 U.S.C. § 332(c)(7)(B)(ii), the Shot Clock Order and FCC Regulations

54. ExteNet repeats and re-alleges each and every paragraph stated above and incorporates those paragraphs by reference, as though fully stated here.

55. 47 U.S.C. § 332(c)(7)(B)(ii) provides that, "[a] State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request."






1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

56. Pursuant to 47 C.F.R §1.6003(a), "a siting authority that fails to act on a siting application on or before the shot clock date for the application . . . is presumed not to have acted within a reasonable period of time."

57. The Applications submitted by ExteNet constitute a request for the placement of personal wireless service facilities and, as such, ExteNet is entitled to the benefits and protections of the Act, FCC Orders, and the FCC's rules and regulations with respect to the Applications.

58. Based on information and belief, each of the sites referenced in the Applications are within the public rights-of-way owned or under the jurisdiction of the City.

59. Pursuant to 47 C.F.R. § 1.6003(d), a determination of incompleteness of a siting application tolls the shot clock only if the State or local government or instrumentality thereof provides notice to the applicant in writing within ten (10) days of the submission of the application, specifically identifying all missing information, and specifying any code provision, ordinance, application instruction, or otherwise publicly-stated procedures that require the information to be submitted.

60. If the State or local government or instrumentality thereof does not respond in writing within the first ten (10) days of submission of a siting application, and fails to specifically identify what, if any, information is missing, the shot clock is not tolled.

61. The City did not notify ExteNet in writing within ten (10) days of submission of the Applications of any missing information from the Applications.

62. Pursuant to 47 C.F.R. § 1.6003(c), the City was required to act on ExteNet's Applications within sixty (60) days of submission.

63. To date, the City has neither approved nor rejected ExteNet's Applications.

64. Defendant's failure to meet the applicable timeframe presumptively






1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

constitutes a failure to act under Section 332(c)(7)(B)(v), enabling ExteNet as applicant to pursue judicial relief.

65. In the *Small Cell Order*, the FCC specifically found:

> State or local inaction by the end of the Small Wireless Facility shot clock will function not only as a Section 332(c)(7)(B)(v) failure to act but also amount to a presumptive prohibition on the provision of personal wireless services within the meaning of Section 332(c)(7)(B)(i)(II). Accordingly, we would expect the state or local government to issue all necessary permits without further delay. In cases where such action is not taken, we assume, for the reasons discussed below, that the applicant would have a straightforward case for obtaining expedited relief in court.

*Small Cell Order*, at 9,148–49, ¶ 118.

66. ExteNet has commenced this action within thirty (30) days of Defendant's failure to act under the shot clock.

67. Defendant's failure to act has delayed and prevented ExteNet from securing the necessary approvals and permits to construct and install personal wireless service facilities on preexisting utility light poles in the public right-of-way located in and owned by the City

68. By its acts and omissions, the City violated 47 U.S.C. § 332(c)(7)(B)(ii), as authoritatively interpreted by the FCC and codified in the Code of Federal Regulations.

69. Under the circumstances, ExteNet is entitled to permanent injunctive relief through an order and judgment granting ExteNet's Applications and ordering that Defendant: (i) issue all necessary permits; and (ii) authorize ExteNet to immediately begin the necessary work to deploy its infrastructure in the public rights-of-way.

## VII. SECOND CAUSE OF ACTION: Unlawful Prohibition on Provision of Personal Wireless Services in Violation of 47 U.S.C. § 332(c)(7)(B)(i)(II)

70. ExteNet repeats and re-alleges each and every paragraph stated above and incorporates those paragraphs by reference, as though fully stated here.






1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

71. Section 332(c)(7)(B)(i)(II) of the Act provides that the "regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof . . . shall not prohibit or have the effect of prohibiting the provision of personal wireless services."

72. Under the FCC's *Small Cell Order*,

> failing to issue a decision up or down during this time is not simply a "failure to act" within the meaning of applicable law. Rather, missing the deadline also constitutes a presumptive prohibition. We would thus expect any locality that misses the deadline to issue any necessary permits or authorizations without further delay. We also anticipate that a provider would have a strong case for quickly obtaining an injunction from a court that compels the issuance of all permits in these types of cases.

*Small Cell Order*, at 9,092, ¶ 13.

73. Pursuant to the FCC's rulings, including the Small Cell Order, Defendant's unreasonable delay and failure to act on the Applications within the 60-day shot clock period constitutes a presumptive prohibition and violation of 47 U.S.C. § 332 (c)(7)(B)(i)(II).

74. Defendant's failure to act on the Applications has the effect of prohibiting the provision of personal wireless services in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II).

75. Under the circumstances, ExteNet is entitled to permanent injunctive relief through an order and judgment granting ExteNet's Applications and ordering that Defendant: (i) issue all necessary permits; and (ii) authorize ExteNet to immediately begin the necessary work to deploy its infrastructure in the public rights-of-way.

## VIII. THIRD CAUSE OF ACTION: For Prohibition of Services and Bar to Entry in Violation of 47 U.S.C. § 253(a)

76. ExteNet repeats and re-alleges each and every paragraph stated above and incorporates those paragraphs by reference, as though fully stated here.

77. 47 U.S.C. § 253(a) provides that "No State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the






1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

ability of any entity to provide any interstate or intrastate telecommunications service."

78. 47 U.S.C. § 253(a) applies to a State or local government's failure to act, which unreasonably delays deployment of a provider's personal wireless service facilities and provision of telecommunications services.

79. ExteNet has been attempting to exercise its right to access the public rights-of-way under exclusive control of the City to provide telecommunications services.

80. The City has unreasonably delayed acting on ExteNet's Applications seeking authorization to install personal wireless service facilities at preexisting utility poles in the public rights-of-way under the jurisdiction of the City.

81. The City's failure to act on the Applications constitutes an unreasonable ongoing delay which has had the effect of prohibiting the ability of ExteNet to provide personal wireless facilities and telecommunications services in violation of 47 U.S.C. § 253(a).

82. ExteNet has suffered and will continue to suffer irreparable harm as a result of Defendant's failure to act on the Applications and the resulting delay of ExteNet's efforts to deploy its infrastructure within the public rights-of-way under the jurisdiction of the Defendant.

83. Under the circumstances, ExteNet is entitled to permanent injunctive relief through an order and judgment granting ExteNet's Applications and declaring that Defendant: (i) issue all necessary permits; and (ii) authorize ExteNet to immediately begin the necessary work to deploy its infrastructure in the public rights-of-way.

## IX. FOURTH CAUSE OF ACTION: Unlawful Discrimination in Violations of 47 U.S.C. §§ 253(c) and 332(c)(7)(B)(i)(I)

84. ExteNet repeats and re-alleges each and every paragraph stated above and incorporates those paragraphs by reference, as though fully stated here.






1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

85. Section 253(c) of the Act authorizes municipal management of local right of way for use by telecommunications providers, provided it is administered in a non-discriminatory manner.

86. Section 332(c)(7)(B)(i)(I) of the Act provides that the "regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof . . . shall not unreasonably discriminate among providers of functionally equivalent services."

87. ExteNet has been attempting to exercise its right to access the public rights-of-way under exclusive control of the City to provide telecommunications services.

88. Based on information and belief, various cable and telecommunications providers have installed functionally equivalent services in the public rights-of-way under exclusive control of the City.

89. Allowing other entities to install functionally equivalent services in the public rights-of-way under exclusive control of the City, while not acting on ExteNet's Applications constitutes unreasonable discrimination in violation of 47 U.S.C §§ 253(c) and 332(c)(7)(B)(i)(I).

90. ExteNet has suffered and will continue to suffer irreparable harm as a result of Defendant's unlawful discrimination and the resulting delay of ExteNet's efforts to deploy its infrastructure within the public rights-of-way under the jurisdiction of the Defendant.

91. Under the circumstances, ExteNet is entitled to permanent injunctive relief through an order and judgment granting ExteNet's Applications and declaring that Defendant: (i) issue all necessary permits; and (ii) authorize ExteNet to immediately begin the necessary work to deploy its infrastructure in the public rights-of-way.






1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

## X. PRAYER FOR RELIEF

WHEREFORE, ExteNet respectfully requests that, pursuant to 47 U.S.C. § 322(c)(7)(B)(v), the Court hear and decide this action on an expedited basis, and issue an Order and Judgment in its favor as follows:

a) Finding and declaring that Defendant's failure to act upon ExteNet's Applications within a reasonable time constitutes a violation of 47 U.S.C. § 332(c)(7)(B)(ii);

b) Finding and declaring that Defendant's failure to act upon ExteNet's Applications within a reasonable time, pursuant to 47 C.F.R §1.6003(c), amounts to an illegal and unreasonable delay in violation of 47 U.S.C. § 332(c)(7)(B)(ii);

c) Finding and declaring that Defendant's failure to act upon ExteNet's Applications have prohibited or had the effect of prohibiting ExteNet from providing personal wireless services in violation of 47 U.S.C. § 253(a) and 47 U.S.C. § 332(c)(7)(B)(i)(II);

d) Finding and declaring that Defendant's failure to act upon ExteNet's Applications constitutes unreasonable discrimination against ExteNet in the management of the public rights-of-way and in the provision of functionally equivalent personal wireless and telecommunications services in violation of 47 U.S.C. § 253 and 47 U.S.C. § 332(c)(7)(B)(i)(II);

e) Granting the Applications and issuing an order mandating or an order requiring that the Defendant immediately issue, pursuant to Federal law, all approvals, necessary permits and authorizations for ExteNet to immediately install small wireless service facilities, and associated infrastructure in the City controlled public-rights-of-way as set forth in the Applications;






1191 Second Avenue Suite 1800
Seattle, WA 98101-2996
(206) 623-9372

f) Awarding ExteNet its damages, reasonable attorney fees, costs, disbursements, and other expenses of this action as permitted by law; and

g) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this July 1, 2022.

VAN NESS FELDMAN LLP

*/s/ Dale N. Johnson*
Dale N. Johnson, WSBA No. 26629
*/s/ Sophia E. Amberson*
Sophia E. Amberson, WSBA No. 52528
1191 Second Avenue, Suite 1800
Seattle, WA 98101-2996
T: 206-623-9372
E: dnj@vnf.com; samberson@vnf.com

EXTENET SYSTEMS, LLC

*/s/Haran C. Rashes (pro hac vice to be filed)*
Haran C. Rashes, IL Bar No. 6326127
3030 Warrenville Road, Suite 340
Lisle, Illinois 60532
T: (630) 245-2064
E: hrashes@extenetsystems.com

*Attorneys for Plaintiff ExteNet Systems, LLC*